THE STATE, JOHN H. POILLON, PROSECUTOR, v. THE MAYOR, &c., OF THE BOROUGH OF RUTHERFORD ET AL.

If taxes assessed upon lands in a borough organized under the Borough act of April 5th, 1878, become, by virtue of that act and its supplements, a lien upon such lands which may be enforced by a sale by the borough collector, such sale must be made within two years from the time fixed for payment of taxes, or from December 20th next after the assessment has been made.   The act of March 17th, 1882 (*Rev. Sup.,* *p.* 996, ¿ 85) does not apply to such a borough.

On *certiorari.*

---

Argued at February Term, 1895, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutor, *Addison Ely.*

For the borough of Rutherford, *Anderson Price.*

The opinion of the court was delivered by

MAGIE, J. This writ has brought up the taxes imposed by the borough of Rutherford upon lands of prosecutor, for the years 1890 and 1891, and the proceedings taken by the borough authorities to enforce those taxes by sale of the lands whereon they were imposed.

Two warrants were issued to the collector of the borough, directing the sale of the lands for the taxes of each of said years. They were tested on November 20th, 1894.

It is unnecessary to give attention to any of the questions presented by the briefs, except to that which challenges the right of the borough to sell prosecutor's lands for their taxes after the expiration of two years from December 20th of the year in which each tax was imposed. For it is conceded, in behalf of prosecutor, that a lien for borough taxes exists and continues for two years from December 20th, and that such lien may be enforced by the sale of the lands taxed under warrants directed to the borough collector. This concession is put upon the Borough act of April 5th, 1878 (under which the borough of Rutherford. was organized) and its supplements, particularly the supplement of March 23d, 1888. *Pamph. L., p.* 226.

It is unnecessary to determine the powers in respect to sale of lands for taxes conferred by section 16 of the supplement last named. It is sufficient to say that if a borough collector is empowered thereby to sell lands for unpaid taxes, the power conferred is that which was conferred upon township collectors by the "further act concerning taxes, making the same a first lien on real estate and to authorize sales for the payment of the same," approved March 14th, 1879. *Rev. Sup., p.* 990. To enforce the lien of taxes the township collector must sell the lands within the period of two years from the time fixed for payment of taxes, or by a supplement to

the last-mentioned act, approved April 2d, 1888 (*Pamph. L., p.* 372), within two years from December 20th next after the taxes have been assessed.    A sale after the expiration of the limited period will be *ultra vires.    Johnson* v. *Van Horn,* 16 *Vroom* 136 ; *Kirkpatrick* v. *New Brunswick,* 13 *Stew. Eq.* 46 ; *S. C.,* 14 *Id.* 347.

On the part of the borough it is conceded that the right of the municipality to enforce taxes by sale of lands is to be found in the acts above referred to, but the contention is that the lien of taxes upon lands in boroughs has been extended to the period of three years, instead of the two years provided for in the act of March 14th, 1879, and that the borough collector may enforce the lien by sale within that period.    This contention is based upon the provisions of an act bearing this curious title, "An amendment to an act approved March 10th, 1880, entitled 'A further supplement to an act entitled "An act concerning taxes," approved April 14th, 1846,' making the same a first lien on real estate."   *Rev. Sup., p.* 996.

But this contention cannot prevail.

In the first place, the power to enforce this lien by a sale by the borough collector is given by the later act of March 23d, 1888, and his power in that respect is restricted and limited by the provisions of the act of March 14th, 1879.

In the next place, the period of three years provided for by the act relied on by the borough, commences, not on the day when taxes become payable or on December 20th, but on the day of the levy and assessment of the taxes, and that period had elapsed before these warrants issued.

Lastly, the act relied on does not apply to boroughs formed under general laws.    It is an amendment of an act approved March 10th, 1880 (*Pamph. L., p.* 149), which enacted that taxes thereafter laid in any city, village, borough or other municipality on account of lands, should be a first and paramount lien from the date of the levy and assessment for the period provided in "the act of incorporation or any supplement thereto or revision of the same" of any such city, village, borough or municipality.    It is obvious that the only

municipalities affected by the act are such as have acts of incorporation or special charters, and boroughs organized under general laws are not within its terms. The amendment relied on merely inserts in the original act, after the provision for the continuance of the tax lien, the words, " or if no such period is provided in such act of incorporation, supplement or revision, for and during the period of three years." It is equally obvious that the amendment did not extend the provisions of the original act to a borough which had no act of incorporation, but which was organized under a general law.

The result is that the proceedings to sell prosecutor's lands for these taxes, including the warrants, must be vacated and set aside, but as to the taxes assessed upon the lands the writ will be dismissed. Prosecutor is entitled to costs.