## PAULINE HOHENSTATT v. THE CITY OF BRIDGETON ET AL.

Submitted March 28, 1898—Decided June 13, 1898.

1.  The supplement to the Tax act (*Pamph. L.* 1882, *p.* 130; *Gen. Stat., p.* 3360, § 376) extends the tax lien period to three years in an incorporated city by whose charter taxes were to be assessed and collected as in townships, notwithstanding that by the Township law the lien period was for two years only.
2.  The phrase "date of levy and assessment" means the time fixed by law for the delivery of the tax duplicate to the collector.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *George Hampton* and *Walter H. Bacon.*

For the defendant, *Thomas W. Trenchard.*

The opinion of the court was delivered by

GARRISON, J.   The question presented by this writ of *certiorari* is the lien period of taxes in the city of Bridgeton, in the year 1894.   The first step taken by the city to enforce its lien was in October, 1897.   Two propositions are advanced by the prosecutor—*first,* that the lien is for two years only; *second,* that if it be for three years, it had expired prior to October, 1897.

In my opinion, the lien is for three years.   The charter of the city of Bridgeton does not expressly provide that its taxes shall be a lien at all; upon this subject its provision is that taxes shall be assessed and collected in the same manner that taxes in the townships of Cumberland county are assessed and collected.   In 1894 the lien of taxes in the townships of that county was for the period of two years from December 20th next after assessment.   *Pamph. L.* 1863, *p.* 497 (*Gen. Stat., p.* 3352, § 325); *Pamph. L.* 1879, *p.* 340 (*Gen. Stat., p.* 3353, § 331); *Pamph. L.* 1888, *p.* 372 (*Gen. Stat., p.* 3359, § 368); *Pamph. L.* 1889, *p.* 357 (*Gen. Stat., p.* 3359, § 371); *Johnson* v. *Van Horn,* 16 *Vroom* 136.

This, however, does not dispose of the question.   In 1880 and 1882 (*Gen. Stat., p.* 3360, § 376) the legislature enacted that taxes in incorporated cities should be a paramount lien on all lands therein " for and during the period now provided for in the act of incorporation of any such city,  *  *  *  or if no such period is provided in such act of incorporation, *  *  *  for and during the period of three years."

It is contended by the prosecutor that a period is provided for in the act incorporating the city of Bridgeton, to wit, the

period provided for by the Township Tax laws. I do not think that this is the signification of the legislative language. Its meaning, as I read it, is that if an incorporated city travel outside its own charter to find the duration of its tax lien, it shall take it from this general statute. This, however, does not result in the establishment of the right of the city to enforce, in October, 1897, the lien of the tax laid in 1894.

The statute that has just been construed in the manner contended for on behalf of the city, while giving the longer lien, alters the date from which it begins to run. Under the Township law the date was December 20th. By the act now applied the tax becomes a lien " from and after the date of levy and assessment."

In this collocation, in which levy precedes assessment, it is not permissible to give to the word *levy* the meaning " to raise by execution." The several meanings of this word, in illustrative contexts, are given in 25 *Am. & Eng. Encycl. L.* 181.

The phrase " levy and assessment," in the tax legislation now before us, means the doing of whatever things are required to be done in order to authorize the collector to gather the tax. This is the meaning that must have been given to a like phrase by this court in *Poillon* v. *Rutherford,* 29 *Vroom* 113.

Of such a levy and assessment the recognized record is the " duplicate." *Davidson* v. *Silvers,* 12 *Vroom* 505; *Johnson* v. *Van Horn,* 16 *Id.* 136.

This duplicate must be delivered to the collector within fifteen days after the meeting of the assessors to fix the quota of local taxes. *Gen. Stat., p.* 3283, § 5.

This meeting of assessors which, by the old law, was on the first Monday of September, was, in 1890, changed to the first Tuesday of that month. *Gen. Stat., p.* 3315, § 175.

As the first Tuesday cannot fall on a later date than September 7th, the fifteen days will always have expired by September 21st.

As matter of fact, in the year 1894 the first Tuesday in September was the fourth day of that month. The lien for

taxes for that year in the city of Bridgeton therefore began to run fifteen days later, to wit, on September 19th, and expired three years after, to wit, with September 19th, 1897. The proceeding taken by the city to enforce this lien on October 12th, 1897, was nugatory, and is set aside, with costs.