## THE BARNES MANUFACTURING COMPANY v. ANDREW B. NORDEN.

Argued November 6, 1901—Decided February 24, 1902.

1. A judgment recovered on the common money counts is not excepted from the operation of a discharge in bankruptcy, under section 17 of the United States Bankrupt act of July 1st, 1898, as a judgment in an action for fraud.
2. On the discharge in bankruptcy of a debtor against whom a judgment was, before the discharge, recovered for a debt that is within the operation of the discharge, execution of the judgment by the creditor should be perpetually stayed.
3. After the debtor has been discharged in bankruptcy, the creditor cannot use such a judgment to set aside as fraudulent against him a conveyance made by the debtor of his property, since the right to avoid such conveyances and recover the property so transferred is vested in the trustee in bankruptcy by section 70 of the Bankrupt act.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the plaintiff, *Joseph Anderson.*

For the defendant, *J. Emil Walscheid.*

The opinion of the court was delivered by

DIXON, J. On October 3d, 1900, the defendant presented his petition in bankruptcy to the United States District Court for

New Jersey, setting forth in his schedule of unsecured creditors the Barnes Manufacturing Company. On May 27th, 1901, he was duly discharged by that court from all debts and claims provable under the act of congress relating to bankruptcy, and which existed on October 3d, 1900, excepting such as are by law excepted from the operation of a discharge in bankruptcy. On January 12th, 1901, the Barnes Manufacturing Company brought suit in this court against the defendant for goods sold and delivered to him in the year 1896, being the claim set forth in the petition in bankruptcy. On January 31st, 1901, the company recovered judgment therein by default, and issued a writ of *fieri facias,* by virtue whereof a levy was made on two tracts of land, the legal title to which was vested in the wife of the defendant. On April 3d, 1901, the company filed a bill in Chancery against the defendant and his wife, alleging that the company had been induced to give credit to the defendant by his false representations, and that the defendant had conveyed the two tracts of land to his wife with intent to defraud his creditors; and thereupon the bill prayed that the conveyance to the wife might be decreed to be fraudulent, to the end that the judgment in favor of the company might be enforced against the land so conveyed.

The defendant now moves, under a rule heretofore granted, to set aside the execution, or to stay it perpetually, and to cancel the judgment.

By section 17 of the United States Bankruptcy act of July 1st, 1898, a discharge in bankruptcy releases the bankrupt from all his provable debts, except (1) taxes; (2) judgments in actions for fraud, or obtaining property by false pretences or false representations, or for willful and malicious injuries to the person or property of another; (3) debts that have not been duly scheduled, &c.; (4) debts created by his fraud, &c., while acting as an officer or in any fiduciary capacity.

The company insists that its judgment is within the second class of these exceptions. But plainly it is not. The Bankrupt act of 1867 excepted from the operation of a discharge

*debts created by fraud,* and perhaps the company's judgment may have been recovered for such a debt, but clearly the judgment was not obtained *in an action for fraud,* which is necessary to come within the exception made by the law of 1898. To be such a judgment the fraud of the defendant must be the ground of the action, the basis of the right to judgment. *In re Blumberg,* 94 *Fed. Rep.* 476. The action in which the present judgment was rendered was in contract on the common money counts, without any suggestion of fraud.

Undoubtedly the defendant was discharged from that judgment, if the United States Bankrupt act can effect such a discharge, and that it can is too well settled to require discussion. The objection urged by counsel for the company, that a law having that result would impair the obligation of contracts, has no force, since, by the constitution, congress is not forbidden to impair the obligation of contracts and is expressly authorized to establish uniform laws on the subject of bankruptcies throughout the United States, the normal effect of which laws is the impairment of such obligations.

The company further insists that, because of its bill in equity and the allegations there made, it has obtained a right outside of the Bankrupt act, which should be enforced for its benefit and cannot be enforced except by itself. But section 70, clause E, of the Bankrupt act answers this contention by providing that the trustee in bankruptcy may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred or its value, &c. This provision is inconsistent with the continuance in the creditor of the right to avoid the transfer and avail himself of the property, and prevents his exercise of the right by transferring it to the trustee.

The relief to which the defendant is entitled is indicated by our own decisions in *Linn* v. *Hamilton,* 5 *Vroom* 305, and *Williams* v. *Humphreys,* 21 *Id.* 500; but in giving such relief care should be taken not to embarrass the trustee in bankruptcy.

The execution of the judgment should be stayed perpetually, except so far as the judgment and execution may be available for such proceedings as the trustee in bankruptcy may take pursuant to the Bankrupt act.

No costs are awarded to either party.