### J. C. SMITH & WALLACE COMPANY v. ISAAC H. LAMBERT.

Submitted March 18, 1903—Decided June 8, 1903.

Where a plea sets up, as a defence to a suit to recover upon a book account, a discharge in bankruptcy under the United States Bankruptcy act of July 1st, 1898, a replication that the cause of action sued on is excepted from the operation of the discharge, in this— that the cause of action was created by the fraud of the defendant, is not good on general demurrer. Such debts, although created by fraud, are not within section 17 of the Bankruptcy act, which excepts certain debts from the operation of a discharge thereunder.

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff, *Robert H. McCarter.*

For the defendant, *Mr. Charles H. Angleman* and *Winfield S. Angleman.*

The opinion of the court was delivered by

HENDRICKSON, J.   This is a suit brought upon the common counts to recover the amount due upon a book account.   In addition to the plea of the general issue, the defendant pleaded a discharge in bankruptcy by the District Court of the United States, District of New Jersey, on the 9th day of September, 1901, which, as the defendant alleges, was granted after the plaintiff's cause of action, if any, had accrued, and before the commencement of the suit.   He further averred that the cause of action set forth in the declaration was not excepted from the operation of the discharge in bankruptcy.   The plaintiff, in his replication, replied that the cause of action was excepted from the operation of the discharge in bankruptcy in this— that the cause of action was created by the fraud of the defendant.   To this replication the defendant filed a general demurrer.

One of the causes of demurrer specified is that a cause of action on the common counts is not excepted from the operation of a discharge in bankruptcy.   The demurrant cites in support of his contention *Barnes Manufacturing Co.* v. *Norden,* 38 *Vroom* 493.   In that case the defendant was seeking relief from a judgment and execution in favor of the plaintiff, on the ground that the judgment was obtained on a debt from which the defendant was relieved by his discharge in bankruptcy.   The company insisted that its judgment was for a debt that had been contracted by means of false representations, and hence, under section 17 of the Bankruptcy act of July 1st, 1898, was excepted from the operation of the discharge as being a judgment for fraud within subdivision 2 of the section, to wit, judgments in actions for fraud.   This court held that judgments to come within that class must be such as have been obtained upon proceedings where the ground of the action was the fraud of the defendant.   And since the judgment then in question was rendered in contract on the common counts, without any suggestion of fraud, it was held that the defendant was discharged from the judgment.   It was very properly contended, on behalf of the defendant, that the case last cited had no application upon the point now raised;

because in that case the debt in question was a judgment, while here the debt was one not yet reduced to judgment. We think, however, that, under section 17 of the Bankrupt law, to which reference has been made, there is no provision that would except from the discharge the debt upon which the present suit is brought. Clause 2 would not include it, for the reason that it applies to judgments alone, and not to simple contract debts. Clause 3 will not include it, for there the debts excepted are such as were created by the fraud, &c., of the bankrupt while acting as an officer or in any fiduciary capacity. There is no allegation in the plea that would bring the debt in question within this class. It was contended for the plaintiff that the debt in question was, as the plea alleges, created by the fraud of the defendant, and as such comes within section 17, clause 2, of the Bankruptcy act, as a debt incurred in obtaining property by false pretences or false representations. But, as before stated, we think this clause, which reads, "(2) Judgments in actions of fraud, or obtaining property by false pretences or false representations, or for willful and malicious injuries to the person or property of another," refers to judgments exclusively; and not to mere debts. It could hardly mean debts incurred by or for willful and malicious injuries. This is the construction that has been placed upon clause 2 by the courts. *In re Rhutassel,* 96 *Fed. Rep.* 597; *In re Lewensohn,* 99 *Id.* 73; *In re Freche,* 109 *Id.* 620; *In re Cole,* 106 *Id.* 837. As was noted in *Barnes Manufacturing Co.* v. *Norden, ubi supra,* and as appears in *Leggett* v. *Barton,* 11 *Vroom* 83, the Bankrupt law of 1867 did except from the discharge "debts created by the fraud or emblezzlement of the bankrupt;" but that clause was left out of the Bankrupt law of 1898.

We conclude that the replication to the second plea is not good in law. The demurrer is therefore sustained, with costs.