CHARLES GILLMOR, Respondent, v. W. H. DALE, as Treasurer of Salt Lake County, Appellant.

No. 1512.    (75 Pac. 932.)

1. Taxation: Lien: Municipal Corporations: Severance of Territory: Presumption as to Regularity of Judgment.
   It will be presumed, from a judgment disconnecting certain territory from a city, that the city was served with notice of the filing of the petition for the division, as required by Revised Statutes 1898, section 288.

2. Same: Lien Defined.
   A lien is a hold or claim which one person has upon the property of another as a security for some debt or charge.

3. Same: Tax: When a Lien.
   A tax or assessment can not exist so as to become a lien or incumbrance on real estate until the amount thereof is ascertained.

4. Same: Statutes.
   Revised Statutes 1898, section 2516, provides that the assessor must before the first Monday in May, assess all property subject to taxation; and sections 2595, 2596, and 2597 declare that every tax has the effect of a judgment, and

every lien the force and effect of an execution, and that every tax upon real property is a lien against the property assessed. Section 206, subdivision 3, authorizes city coun-.cils to levy and collect taxes on real and personal property as provided by law, and Constitution, article 13, section 10, provides that all córporations or persons shall be subject to taxation within the territorial limits of the authority levying the tax.. By Revised Statutes 1898, sections 253, 2689, city councils are required, on or before the first Monday in July, to fix the rate of taxes, and levy the same on property within the city; and by section 2694 the tax so levied becomes a lien on the property assessed from the same time, and subject to the same conditions, prescribed in sections 2595, 2596, and 2597. Certain real estate within the limits of the city had been assessed, but, before the rate of taxes had been fixed by the council or any levy had been made, a judgment was rendered disconnecting the property from the city, and providing that it should no longer be subject to any liabilities, obligations, or taxes, or to the further imposition of taxes. *Held*, that the tax did not become a lien upon the property so severed.

(Decided March 17, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. C. W. Morse*, Judge.

Action for the recovery of certain sums of money paid as taxes, under protest, to the defendant, as treasurer of Salt Lake County, who, as such, had authority to collect the city taxes. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Charles C. Dey, Esq.*, City Attorney, *W. H. Bramel, Esq.*, and *D. O. Willey, Jr., Esq.*, Assistant City Attorneys, for appellant.

*C. S. Patterson, Esq.*, and *George W. Moyer, Esq.*, for respondent.

BASKIN, C. J.—This is an action for the recovery of certain sums of money paid as taxes, under protest, to the defendant, as treasurer of Salt Lake county, who, as such, had authority to collect the city taxes. The general demurrer interposed to the complaint having been overruled, the defendant rested, and judgment was rendered against him. From this judgment he appeals, and assigns as error the overruling of the demurrer and the rendering of the judgment.

Among other allegations of the complaint it is alleged, in substance, that by a final judgment of the district court of Salt Lake county, rendered upon the petition of the plaintiff and cthers on the 20th day of May, 1902, a portion of the territory of Salt Lake City was disconnected therefrom, and declared to be no longer a part of said municipal or corporate territory of said city, "and that the said territory and the real property embraced therein shall be and the same is forever released and discharged from paying any part of the bonded municipal indebtedness of said Salt Lake City, and no longer subject to any liabilities or obligations or taxes relating thereto, nor to the further imposition of any taxes whatsoever for said or any city municipal purposes whatsoever, and that the said territory be and it is hereby released from any and every city jurisdiction and control of said Salt Lake City and the government thereof." That on or about the 28th of July, 1902, the city council of Salt Lake City, by ordinance, levied a tax of nine mills for city purposes on all the taxable property within its corporate limits. That on the 17th of July, 1902, the county assessor and county treasurer, being the officers charged with such duty, in pursuance of law, and in accordance with a certificate theretofore received by them from the board of education of Salt Lake City, levied a tax of 8.4 mills on the dollar on all the taxable property within the corporate limits of said city for school purposes. That the plaintiff during the year 1902 was the owner of certain real

estate which was situate within the boundaries of the territory so as aforesaid disconnected from the limits of said city. ''That the said defendant, W. H. Dale, as county treasurer, collected for the use and benefit of the defendant, Salt Lake City corporation, and paid to the said Salt Lake City corporation, the sum of $3.10, levied against said property as city taxes, and $2.89 levied against said property as city school taxes, and that on or about the 19th day of November, 1902, this plaintiff paid said amounts to said W. H. Dale, treasurer as aforesaid, under protest.'' The complaint also contains several other separate causes of action, in each of which it is alleged that the person therein named, during the year 1902, also owned certain real estate within the boundaries of the territory so as aforesaid excluded, and paid as taxes, under protest, and under the same circumstances as hereinbefore stated in the first cause of action alleged in the complaint, to the said defendant, W. H. Dale, the sums therein mentioned, and that the claim for the sums so paid was assigned to the plaintiff.

Section 2516, Rev. St. 1898, provides that the assessor must, before the first Monday in May in each year, assess all property subject to taxation, except such as is required to be assessed by the State Board of Equalization, to the person by whom it was owned, claimed, possessed, or controlled at 12 o'clock m. on the first Monday of February, next preceding.

On the subject of tax liens the Revised Statutes contain the following sections:

''Sec. 2595. Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all personal property of the delinquent. The judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof.

''Sec. 2596. Every tax upon personal property is a lien upon the real property of the owner thereof, from

and after twelve o'clock m., of the first Monday in February of each year.

"Sec. 2597. Every tax upon real property is a lien against the property assessed; and every. tax due upon improvements upon real estate assessed to others than the owner of the real estate, is a lien upon the land and improvements; which several liens attach as of the first Monday in February in each year."

Subdivision 3, sec. 206, Rev. St. 1898, authorizes the city council to levy and collect taxes for general and special purposes on real and personal property as provided by law.

Article 13, sec. 10, Const., provides that "all corporations or persons in this State, or doing business herein, shall be subject to taxation for State, county, school, municipal or other purposes, on the real and personal property owned or used by them within the territorial limits of the authority levying the tax."

Under the provisions of sections 253 and 2689, Rev. St. 1898, the city council, at a regular meeting thereof, is required, on or before the first Monday of July in each year, by ordinance or resolution, to fix the rate of taxes and levy the same on the real and personal property within the city made taxable by law; and under section 2694 the tax so levied becomes a lien on the property assessed from the same time, and is subject to the same conditions, as prescribed in sections 2595, 2596, and 2597.

The only contention of the appellant is that, "under the provisions of the statutes" hereinbefore referred to, "this tax for 1902, although not levied until after the alleged detachment of the territory, was a valid unpaid lien upon the property, prior to such detachment; and as no provision was made in the judgment of the court for the payment or discharge of this lien then existing, it is clear that such lien was not and could not have been interfered with by the judgment of the court severing the property from the city. All that remained after that judgment was the determination of the

amount and collection thereof by the proper authorities. The act of severance was not a barrier to enforcing payment of the prior valid lien." The judgment disconnecting the real estate in question from the city in terms declared that the territory so disconnected should no longer be subject to any liabilities, obligations, or taxes relating to the city, nor to further imposition of any tax whatever for municipal purposes, and was thereby released from any and every city jurisdiction and control and the government thereof. While the record is silent as to whether the city was served with the notice of the filing of the petition for said division, as required by section 288, Rev. St. 1898, that it was so served must be presumed from the rendition of the final judgment; therefore that judgment must, as its validity is not disputed in the pending action, be given its full force. By it the real estate in question, after the disconnection, was no longer subject to a tax levy or any jurisdiction whatever by the city; nor was said real estate ever subject, under the said provisions of the Revised Statutes, to the lien contended for by the appellant.

A lien is a hold or claim which one person has upon the property of another as a security for some debt or charge. "In the nature of things, no tax or assessment can exist so as to become a lien or incumbrance upon real estate until the amount thereof is ascertained and determined." Black on Tax Titles, sec. 189; Dowdney et al. v. The Mayor, etc., 54 N. Y. 186.

Under the provisions of the Revised Statutes a city tax does not become a lien on real estate until the rate thereof is fixed, and the tax levied, in pursuance of sections 239, 2694; but when the rate is so fixed, the amount determined and levied, a lien on each tract of real estate assessed by the assessor attaches, by relation, for the amount of the tax thereon, "as of the first Monday of February" preceding the levy. McLaren v. Sheble, 45 Mo. 130; Reeve v. Kennedy, 43 Cal. 643; Hallinger v.

Zimmerman (N. J. Ch.), 51 Atl. 963; Hohenstatt v. Bridgeton, 62 N. J. Law, 169, 40 Atl. 649; notes to 2 Cooley on Taxation, p. 871 et seq.

The city council was not authorized, either under the Constitution or by the provisions of the Revised Statutes, to levy a tax, except on property within '4    its corporate limits, and any levy upon property not within such limits is without authority and void. As no lien can exist for taxes·illegally levied, the appellant's contention in respect to the lien claimed in this case is untenable.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.