Essex County Court of Common Pleas.

FRED C. EHNES v. ROGER N. GENERAZZO.

Decided June 6, 1941.

For the petitioner (defendant), *Salvatore A. Simeone.*

For the respondent (plaintiff), *Jacob J. Greenman.*

HARTSHORNE, C. P. J. Plaintiff has garnisheed defendant's salary as a public school teacher, under an execution obtained on a judgment in the Essex Common Pleas. Defendant moves to set aside the garnishment, claiming that the judgment in question has been discharged by defendant's discharge in bankruptcy February 3d, 1940, subsequent to the judgment. This, plaintiff denies, asserting that his claim is excepted from defendant's discharge in bankruptcy, as a "liability for obtaining money or property by false pretenses or false representations." (Bankruptcy Act, section 17, as amended June 22d, 1938, *U. S. C. A., Title* 11, § 35.)

To this, defendant counters that plaintiff, by his failure during the bankruptcy proceeding to set up the fraud, is estopped to do so now. Extraneous evidence, clearly showing such false representations by defendant, was offered by plaintiff without objection by defendant.

The questions, therefore, are (1) whether plaintiff is estopped, as above, to set up defendant's false representation,

and if not (2) whether defendant's liability to plaintiff on the judgment in question is one "for obtaining money or property by false pretenses or false representations."

As to the first question, the authorities are clear to the effect that the mere listing of one as an unsecured, ordinary, non-judgment creditor, does not estop the creditor, even after the discharge, from proving that the debt was procured by fraud. (*Railroad Employes' Personal Loan Co.* v. *Dillon*, 123 *N. J. L.* 31; 7 *Atl. Rep.* (2d) 858; *Friend* v. *Talcott*, 228 *U. S.* 27.)

And, if a judgment creditor, the character of the judgment may be proven, as shown below. Indeed, this is made doubly clear by the form of the bankruptcy discharge itself, which expressly excepts "such debts as are by law excepted from the operation of a discharge in bankruptcy."

As to the second question, neither the form of the judgment itself, nor that of the complaint, is finally determinative. (*Freedman* v. *Cooper*, 126 *N. J. L.* 177; 17 *Atl. Rep.* (2d) 609.) The record may be resorted to, in order to determine the primary nature and real foundation of the cause of action upon which the judgment, i. e., the liability, is based. *Paterson* v. *Smith* (*Vt.*), 47 *Atl. Rep.* 1088.) But since it is here the judgment which is the liability that was provable in bankruptcy, facts immaterial and extraneous to the judgment should not be considered. Both parties, by their previous litigation, resulting in the judgment, have made *res judicata* the character of the liability established by it. They may not now be permitted to go beyond the issues then and there settled, and change the character of this liability, as here, from one in contract, to one of a peculiar tort nature, by the proof of facts never alluded to when the judgment was taken. To do so would be quite contrary to the general principles of *res judicata*. (*Thompson* v. *Judy* (*C. C. A., 6th Cir.*), 169 *Fed. Rep.* 553.)

Here, for instance, the record shows the judgment in question to have been obtained on a bond and warrant of attorney, executed by defendant under, and subsequent to, his promissory note, the basis of the judgment, and without the slightest allusion to any false representation. The creditor himself did

not set it up, presumably in order to speed obtaining the judgment.

Moreover, these general principles would seem to accord with the intention of the Congress in the pertinent provisions of the Bankruptcy Act, as repeatedly amended. In 1867, section 33 (now section 17) of the Bankruptcy Act excepted from the operation of a discharge, "debts created by fraud." Thereunder the fact that the debt had been created by fraud was the criterion, and not the form of the pleadings, or the primary nature of the cause of action on which the judgment was based. In 1898, the provision was changed to except from discharge "judgments in actions for frauds or obtaining money by false pretenses or false representations." Thereunder the test was not the actual fraud of the defendant, but whether such fraud constituted "the basis of the right to judgment." (*Barnes Manufacturing Co.* v. *Norden,* 67 *N. J. L.* 493; 51 *Atl. Rep.* 454; *Barnes Cycle Co.* v. *Haines,* 69 *N. J. Eq.* 651; 61 *Atl. Rep.* 515.)

In 1903, the language in question was changed to except from discharge "liabilities for obtaining property by false pretenses or false representations * * *." This change was clearly made to permit the inclusion thereunder of claims which had not yet ripened into judgments. (*Smith & Wallace Co.* v. *Lambert,* 69 *N. J. L.* 487; 55 *Atl. Rep.* 88; *Thompson* v. *Judy, supra.*)

Its purpose was not to overturn the ordinarily conclusive effect of a liability founded upon a judgment, as above alluded to. This clearly appears from the fact that the Congress did not revert to its original language, exempting from discharge "debts created by fraud," and from the further fact that Congress retained in the same section, as non-dischargeable, debts "created by his [the bankrupt's] fraud * * * while acting as an officer or in any fiduciary capacity."

In short, in dealing with the ordinary bankrupt, not an officer or a fiduciary, extraneous evidence is admissible to show that his liability is one "for obtaining money or property by false pretenses or false representations," except where this liability has been already adjudicated. In this event, under the principles of *res judicata,* the issues as so determined are

established conclusively, and evidence extraneous to the record of the judgment is inadmissible. *Damato* v. *Ambrose,* 122 *N. J. L.* 539; 6 *Atl. Rep.* (2*d*) 189, is not to the contrary. The court here expressly leaves the question open as to the effect of the judgment as *res judicata.* And the *Damato* case is cited in the later case of *Freedman* v. *Cooper, supra,* holding that the inquiry under the judgment is as to "the act upon which recovery was had."

Whether, accordingly, plaintiff here is debarred from proceeding further against defendant for his deceit (as in *Feldmesser* v. *Lemberger* (*Court of Errors and Appeals*), 101 *N. J. L.* 184; 127 *Atl. Rep.* 815, and *Gehlen* v. *Patterson* (*N. H.*), 141 *Atl. Rep.* 914), is not before this court, and need not now be determined.

The present wage execution, levied against defendant's wages, will therefore be vacated.