McHenry Baptist Church *v.* John G. McNeal.

Taxation. *Exemption. Church property. Religious society. Acquisition after taxes accrued. Code* 1892, § 3744, *par.* (e). *Laws* 1900, *ch.* 50, *p.* 52.

Under Code 1892, § 3744, par. (e), and Laws 1900, ch. 50, p. 52, exempting from taxation property owned by a religious society used for religious purposes, lands purchased by a church for religious purposes after a lien for the taxes of the then current year has attached is acquired subject to, and not exempt from, such lien, and a sale thereof for such taxes will be valid.

From the chancery court of Harrison county.

Hon. Thaddeus A. Wood, Chancellor.

The McHenry Baptist Church, the appellant, was complainant, and McNeal, appellee, defendant, in the court below. From a decree in defendant's favor, sustaining a demurrer to the bill of complaint, complainant appealed to the supreme court.

The bill alleged that complainant is the owner in fee simple of the land, having purchased it in August, 1900, from one Hemphill; that the land was assessed for the year 1900 to unknown parties, and state and county taxes for that year were assessed against it; that on March 1, 1901, the tax collector sold the land for the taxes of the year 1900, and defendant claims under the tax title; that complainant is a religious society existing under the laws of the state, and used the land exclusively for religious purposes, and not for profit, and it was exempted from taxes under ch. 50, p. 52, Acts 1900, and the prayer was for the cancellation of the tax title because the property was exempt from taxation at the time of the sale.

*James A. Burns,* for appellant.

1. The question is whether such property is exempt from taxation? Unquestionably it is, as the language of ch. 50, Laws 1900, settles that in the affirmative.

2. Then the sale of such exempt property is void to all intents and purposes. There must be a valid assessment, a valid levy, and a legal sale—three indispensable, fundamental principles. Blackwell on Tax Titles (3d ed.), 406; Cooley on Taxation (2d ed.), 469, 477, 478; Blackwell on Tax Titles, sec. 116; *Treat* v. *Lawrence,* 42 Wis., 330; *Taylor* v. *Miles,* 7 Am. St. Rep., 558; *Horne* v. *Green,* 52 Miss., 456; *Meridian* v. *Phillips,* 65 Miss., 362; *Hoskins* v. *Illinois, etc., R. Co.,* 78 Miss., 771; *Dresback* v. *McArthur,* 7 Ohio, 307; *Buckley* v. *Osburn,* 8 Ohio, 180; *Dyer* v. *Branch Bank of Mobile,* 14 Ala., 622; *Coney* v. *Owen,* 6 Watts, 435; *Sanford* v. *DeCamp,* 8 Watts, 542; *Bott* v. *Perley,* 11 Mass., 169; *Emerson* v. *County of Washington,* 9 Greenl., 88. "If the land was not liable to taxation by reason of an exemption, . . . the power of sale never attached to it. To hold that the owner, under such circumstances, is precluded from showing the fact would be a "monstrous doctrine." *Jackson* v. *Morse,* 18 John., 442. "In powers of this nature a series of acts, preliminary in their character, are required by law to precede the execution of the power. Each and every step, from the listing of the land for taxation to the consummation of the title by delivery of a deed to the purchaser, is a separate and independent fact. All of these facts, from the beginning to the end of the proceeding, must exist, and if any material link in the chain of title be wanting, the whole falls to the ground for want of sufficient authority to support it." Blackwell on Tax Titles (3d ed.), p. 64, citing cases. "If by law they are exempt from taxation, a sale would be void, though for tax actually assessed. *Hobson* v. *Dutton,* 9 Kans., 477. And so it will be if made for a tax legally assessed, but in some lawful manner has become discharged." *Gould* v. *Day,* 94 U. S., 405; Cooley on Taxation (2d ed.), 469. It may be shown that

the property is exempt from taxation, though the statute undertakes to make a deed conclusive evidence, except as to actual fraud or prepayment. *Quincy* v. *Lawrence*, 1 Idaho, 313. It is the duty of the assessor to separate and set down in separate columns taxable lands and exempt lands. Code 1892, § 3774. The vested defense that the land so sold was not liable cannot be denied the owner. Code 1892, § 3817; *Maguiar* v. *Henry*, 84 Ky., 1 (s.c., 4 Am. St. Rep., 182).

3. The state has a lien only for taxes actually levied, and for such as are properly chargeable on the land. Until this levy of the tax, the lien is inchoate and in *nubibus,* and no tax is collectible until assessed. The mere lien of tax upon land does not create a debt against the owner; the actual levy is necessary to create an obligation to pay. *Minor* v. *Natchez,* 4 Smed. & M., 628; *Adams* v. *Yazoo, etc., R. R. Co.,* 75 Miss., 275; *Mullins* v. *Shaw,* 77 Miss., 910; *Virden* v. *Bowers,* 55 Miss., 1; *Revenue Agent* v. *Stonewall Mills,* 80 Miss., 114; Code 1892, § 3747; *Powell* v. *McKee,* 81 Miss., 232.

4. The statutory exemption relates to the incipiency of the lien and so tolls it. As when exempt property comes into liable hands, during the incipiency of the lien, the lien begins and relates to its incipiency, so when liable property comes into exempt hands, the exemption will relate to the incipiency of the lien as to that property and toll it, the levy being but a single link in the chain of a series of acts each of which must be wholly legal. *Trotter* v. *Dobbs,* 38 Miss., 198; *Litchford* v. *Cary,* 52 Miss., 791; *Jones* v. *Hart,* 62 Miss., 13; *Irwin* v. *Lewis,* 50 Miss., 363; *Dulion* v. *Harkness,* 80 Miss., 13; *Cochran* v. *Swigert,* 199 Ill., 83; *State* v. *Hicks,* 30 Am. Dec., 423; *Revenue Agent* v. *Stonewall Mills,* 80 Miss., 114.

5. The legislature has power to exempt property from taxation. *Williams* v. *Cammack,* 27 Miss., 219; *Miss. Mills* v. *Cook,* 56 Miss., 54; *People* v. *Coleman,* 60 Am. Dec., 581; *People* v. *Mayor, etc., of Baltimore,* 55 Am. Dec., 266; *DeWitt* v.

*Hayes,* 56 Am. Dec., 352; Blackwell on Tax Titles (3d ed.), 10, 11, 404, 405; Cooley on Taxation (2d ed.), 200, note 3.

6. The exemption of property is a contract, and comes within the constitutional inhibition of the impairing of obligations of contracts. *Dartmouth College* v. *Woodward,* 4 Wheat., 518; Cooley on Taxation, 66, 67; Blackwell on Tax Titles (3d ed.), 404. Nor can the legislature forbid the making a defense to a void title. *Conway* v. *Cable,* 39 Ill., 82; *Maguiar* v. *Henry,* 84 Ky., 1. If the tax is illegally laid, the state has no right to harass her citizens by proceedings to enforce its collection.

*Gardner & Heiss,* for appellee.

The law fixes February 1 as the day on which the tax lien accrues. Code 1892, §3746; *Vicksburg Waterworks Co.* v. *Vicksburg Water Supply Co.,* 80 Miss., 68; *Wildberger* v. *Shaw,* 84 Miss., 442.

No act subsequent to an assessment can give rise to an exemption. *Prytania Street Market Co.* v. *City of New Orleans,* 34 South. Rep., 797; *Tobin* v. *Morgan,* 70 Penn., 302; *Wildberger* v. *Shaw,* 84 Miss., 442.

"This lien does not stand on the same footing with ordinary incumbrances, but attaches to the *res* itself, without regard to individual ownership." Blackwell on Tax Titles, secs. 64, 65.

Great reliance is apparently placed by appellant on the supposed analogy between those cases holding it possible to become the head of a family and claim as a homestead certain property, after the same has been seized under execution, but before sale, and the case at bar.

We submit there is a wide distinction between the two, for homestead property is not only exempt from seizure, but is also exempt from sale after a lawful seizure, by reason of the particular wording of the statute, Annotated Code 1892, § 1970, which declares in certain cases such property "shall be exempt from seizure or sale." In contradistinction to this, ch. 50, Laws 1900, making certain property exempt from taxes, gives rise

solely to the question whether the property was liable to taxation at the time of the assessment, and the law has no retroactive force and does not release property from liability for taxes already assessed for the current year.

No property is exempt from sale for non-payment of taxes and assessments. Annotated Code 1892, § 1980.

TRULY, J., delivered the opinion of the court.

The demurrer was properly sustained. The bill of complaint shows that appellant did not become the owner of the property in question until the 22d day of August, 1900. Under our fiscal laws, taxes for each current year attach on the 1st day of February. At this date in 1900 the land in controversy was subject to taxation under the then existing laws; the fact that it afterward became the property of an association whose property, by operation of ch. 50, p. 52, Laws 1900, was exempted from taxation subsequent to that date, did not relieve it from the liability for taxes for the current year, which had already been incurred. The act cited was not intended to have any retroactive effect, and, as it does not expressly exempt property from taxation for the year 1900, its terms cannot be extended by strained construction. Exemptions by implications are not countenanced.

*Affirmed.*