## CITY OF LAUREL v. A. J. WEEMS.

### [56 South. 451.]

1. TAXATION.  EXEMPTION.  *Governmental agencies.  Code 1906, section 5251, par C.*

   Where a municipality purchased a lot in March, 1906, upon which taxes for the year 1906 had been assessed to parties unknown, and these taxes not being paid the lot was sold for unpaid taxes in March, 1907. *Held*, that under Code of 1906, section 4251, par C, exempting from taxation all the property of municipal corporations, the purchaser at such sale acquired no title.

2. SAME.

   After the municipality purchased the lot, the taxing official could not take any further steps looking to the collection of the tax, and the subsequent sale of the land for taxes was a nullity.

APPEAL from the chancery court of Jones county.
HON. SAM. WHITMAN, JR., Chancellor.
Suit by A. J. Weems against the city of Laurel. From a judgment for complainant, defendant appeals.
The facts are fully stated in the opinion of the court.

*May & Sanders* and *R. E. Halsell,* for appellant.

*Henry Hilbun,* for appellee.

On the 20th day of March, 1906, Eastman-Gardner & Company, by general warranty deed conveyed to the city of Laurel, Mississippi, the property in controversy, lot 10, in block 1 of the Alpha addition to the town of Laurel, Mississippi.

Having conveyed this property after the first day of February, 1906, a lien attached to this property for the taxes due thereon for the year 1906, regardless of the fact that the property of the vendee is exempt from taxation.

Sections 4255 and 4257, Mississippi Code, 1906: "Taxes which by law operate as a lien on property from the first day of February in each year constitutes a liability from that date, although the amount is not fixed until the levy is made in September following." *Vicksburg Waterworks Company* v. *Vicksburg Water Supply Company,* 80 Miss. 68. This is also held in *Wilderberger* v. *Shaw,* 74 Miss. 442.

"Under Code 1892, section 3744, paragraph (e) and Laws of 1900, chapter 50, page 52, exempting from taxation property owned by a religious society, and used for religious purposes after a lien for the taxes for the then current year has attached, is acquired, subject to, and not exempt for such lien, and a sale thereof for such taxes will be valid." *McHenry Baptist Church* v. *John G. McNeal,* 86 Miss. 22.

"Land sold after a lien has attached for duly assessed taxes is not released from liability for such taxes by the fact that it is sold to a corporation, the property of which is exempt from taxation." *City of Philadelphia* v. *Penn. Institution,* 6 A. & E. Gas, page 437.

*McWillie & Thompson,* for appellee.

There was a dedication and a conveyance by Eastman, Gardner & Company to this the city of Laurel, but the same was made and executed March 20, 1906. The deed itself is not shown of record, but its date is stated and its execution as of that date pleaded both in the bill and the answer. We mention this fact at this point in our argument in order, once for all, to dispose of it by saying that it was executed after the taxes for which the land in suit was sold had become a lien upon it. The lien attached, Code 1906, section 4255, Code 1892, section 3746, February 1, 1906, and therefore the passing of the title to the city after that date did not exempt it from the tax sale. This point is conclusively settled in our client's favor by this court. *McHenry Baptist Church* v. *McNeal,* 86 Miss. 22.

MAYES, C. J., delivered the opinion of the court.

In July, 1909, A. J. Weems filed this bill in the chancery court of Jones county against the city of Laurel and all others claiming any legal or equitable interest in lot 10, block 1, of Alpha addition to the town of Laurel. The complainant seeks by the bill to quiet and confirm his alleged title to the above lot. The lot is within the corporate limits of the city of Laurel, and claimed by the city to be owned by it. Complainant deraigns his title from the government down to a tax title purchased by him at a tax collector's sale on March 4, 1907. The record shows that the property formerly belonged to Eastman, Gardner & Co., and appears to have been owned by them on the 1st day of February, 1906, though assessed for taxation in the year 1906 to unknown. On the 20th day of March, 1906, Eastman, Gardner & Co. conveyed the lot, by warranty deed to the city of Laurel. On May 17th following the deed was recorded by the city in the office of the chancery clerk of Jones county. The tax for 1906 was not paid, and on the 4th day of March, 1907, the lot was sold for the unpaid tax, and purchased by A. J. Weems. It appears that the property is owned by the city as an alleyway.

For the purpose of deciding this case, it may be conceded that after the lot was sold for taxes the collector made the list required by section 4333, Code of 1906, and filed same with the clerk of the chancery court, which was duly recorded by him, and that the clerk, within ninety days and less than sixty prior to the expiration of the time for redemption, issued the notice required by the above statute and had same served on the mayor of the city, and that no attention seems to have been given to the notice by the mayor, and that at the time of filing this bill there had been no redemption of the lot by the city, and more than two years had passed. In defense of the suit the city raises a great many questions; but we discuss only the one which, in our judgment, settles the

litigation. The trial court held the tax title valid, and confirmed the title of complainant against the city, and from this judgment an appeal is prosecuted by the city to this court.

The chief contention of appellee is that by virtue of section 4255, Code of 1906, the lien for taxes attached to the property on the 1st day of February, 1906, while the property was the subject of private ownership and liable to taxes, and that when the taxes were ascertained and became due it related back to the 1st day of February, 1906, and did not abate when the city purchased the same. The case of *McHenry Baptist Church* v. *McNeal*, 86 Miss. 22, 38 South. 195, is relied upon as conclusive of this contention. Under section 4251, par. "c," "all property, real or personal, belonging to this state, or to any county, levee board or municipal corporation," is exempt from taxation. Under the same section we find that the state has granted exemption from taxation to many other persons, religious societies, educational institutions, etc. For instance, exemption from taxation is given all cemeteries, property of the United States, property of religious or charitable institutions, property of colleges or institutions for the education of youth, property occupied by trustees for the use of public schools, property of hospitals and charitable institutions, etc. All exemptions granted from taxation proceed from reasons of public policy, but the public policy involved is not always the same in regard to each exemption granted. The reason why the state exempts the property of religious societies, charitable institutions, schools, colleges, etc., is because of the interest which the public has in the work which these institutions are engaged in and the public good accomplished by them. The exemption of such institution is a mere grace or charity on the part of the state, in recognition of its appreciation of their public usefulness. The exemption granted to the property of the United States may be said to be compulsory.

The state has not the power to levy a tax on property belonging to the United States.

The exemption of the property of a municipality is founded on the fact that the municipality is a governmental agency of the state, vested by the state with a part of its sovereignty, and employed in aiding the state in matters of government and the execution of its laws. It is undisputed law that the general rule is that statutes granting exemptions from taxation must be strictly construed, and must not be extended beyond what the terms clearly express; but this rule of construction has no application to the property of the state, county, or municipality when it is sought to collect a tax on the property of either, or to take away their property because of a failure to pay the tax claimed, followed by a sale of same on account of the delinquency. The rule of strict construction of the statute may apply to religious and charitable institutions, and to all subjects of exemption save those belonging to a governmental agency of the state. This construction controlled the court in the case of *McHenry Baptist Church* v. *McNeal*, 86 Miss. 22, 38 South. 195, wherein the court held that if the church purchased the property after the 1st day of February, the date at which a lien on the property for taxes became fixed by law, the fact that the church property was exempt from taxation did not relieve the church from the necessity of paying the state's debt for taxes for the current year. But the rule in this case has no application to a municipality. The state may well say to any religious or charitable organization that, when you once own property free of matured claims for taxes on the part of the state, such property shall not be subject to further tax, but before you shall have this grace extended to you all existing tax liens of the state must be paid. But it is not to be supposed that the state ever intended to tax the property of a governmental agent of its own.

In Cooley on Taxation (3d Ed.), p. 263, the author says: "Before noticing the exemptions expressly made

by law, it will be convenient to speak of some which rest upon implication.     Some things are always presumptively exempted from the operation of general tax laws, because it is reasonable to suppose they were not within the intent of the legislature in adopting them.     Such is the case with property belonging to the state and its municipalities, and which is held by them for governmental purposes.     All such property is taxable, if the state shall see fit to tax it; but to levy a tax upon it would render necessary new taxes to meet the demand of this tax, and thus the public would be taxing itself in order to raise money to pay over to itself, and no one would be benefited but the officers employed, whose compensation would go to increase the useless levy.     It cannot be supposed that the legislature would ever purposely lay such a burden upon public property, and it is therefore a reasonable conclusion that, however general may be the enumeration of property for taxation, the property held by the state and by all its municipalities for governmental purposes was intended to be excluded, and the law will be administered as excluding it in fact.''

In the *McHenry case, supra,* the court held that the exemption reached forward, and only exempted the property of the religious society from future taxes, leaving it to discharge all previously attached liens for taxes. In the case of a municipality, a governmental agency of the state, and itself maintained by taxation, and presumed by law to be exempt from taxation, it cannot be supposed that the legislature intended that any further steps should be taken looking to the enforcement of the state's lien for taxes against property acquired by one of its own governmental agents, after the property is purchased by such agent.     Such proceedings would not aid the effectuation of any governmental purpose, but would impair it.     After the municipality purchased this lot, the taxing officers could not take any further steps looking to the collection of the tax, and the subsequent

sale of the land for the taxes was a nullity. The purchaser at the sale got no title, because it was beyond the power of the officers to sell.

In the case of *Territory* v. *Perrin,* 9 Ariz. 316, 83 Pac. 361, the Arizona court held that: "Lands acquired for public purposes during the period between the first and final steps of taxation are exempt from taxes levied during the year in which they are acquired. *Bannon* v. *Burnes* (C. C.), 39 Fed. 892; *Gachet* v. *City of New Orleans,* 52 La. Ann. 813, 27 South. 348; *Buckhout* v. *City of New York,* 176 N. Y. 363, 68 N. E. 659. And this is true even where, as in this territory, the legislature has declared that a lien for taxes shall attach at a date prior to the time when the first steps are taken to subject the real estate to taxation."

In the case of *City of Denver* v. *Bonesteel,* 28 Colo. 483, 65 Pac. 628, the court held that: "The purpose of a municipal corporation is to permit the inhabitants of a particular district, in their corporate capacity as such, to exercise subordinate specified powers of legislation with respect to their local and internal concerns. Such a municipality is not an agency of the state, like a county; but it exercises the powers of the government by virtue of the authority of the sovereign state. Its legislation and local administration of law in the territory embraced within its jurisdiction are legislation and administration of governmental affairs within that limit. *Stermer* v. *Board,* 5 Colo. App. 379, 38 Pac. 839; 1 Dill. Mun. Corp. (4th Ed.), section 20; *City of Louisville* v. *Com.,* 1 Duv. (Ky.) 295, 85 Am. Dec. 624. It is by virtue of political subdivisions such as counties, and municipalities like cities, that the laws are executed and the welfare of the people subserved. Taxes are charges levied by the sovereign state upon the persons of its subjects or citizens, and not charges upon itself. Revenue is the object of taxation, and none would result from levying a tax upon the agencies of the state, through which it exercises the func-

tions of government, or by virtue of which it protects and enforces its rights or those of its citizens. Taxation of these functions and agencies would, in effect, be merely taking out of one pocket and putting it into another. In the end, no net revenue would be derived. *People* v. *Doe G.*, 36 Cal. 220; *Inhabitants of Worcester Co.* v. *Mayor, etc., of City of Worcester*, 116 Mass. 193, 17 Am. Rep. 159; *Fagan* v. *City of Chicago*, 84 Ill. 227; *Gachet* v. *City of New Orleans*, 52 La. Ann. 813, 27 South. 348."

It follows from the above that, since the bill wholly fails to state a cause of action, the judgment of the court below is reversed, and bill dismissed.        *Reversed.*

Suggestion of error filed by appellee in this case and overruled.