## SEWARD *v.* DOGAN.

(In Banc.  March 12, 1945.)

[21 So. (2d) 292.  No. 35709.]

**Henry & Barbour,** of Yazoo City, for appellant.

Caldwell & Caldwell and **James A. Blount,** all of Charleston, for appellee.

Caldwell & Caldwell and **James A. Blount,** all of Cleveland, for appellee, on suggestion of error.

**Henry & Barbour,** of Yazoo City, for appellants, on suggestion of error.

**L. A. Smith, Sr., J.,** delivered the opinion of the court on suggestion of error.

This case is before us now on a suggestion of error. The former opinion reversing the trial court may be

found in, Miss., 20 So. (2d) 89. Appellee has filed this suggestion of error on the ground that our conclusion heretofore reached was erroneous.

The facts of the case have to do with fees charged by the sheriff and tax collector of Tallahatchie County in connection with various tax sales of land for default in payment of taxes from April 5, 1939, up to and including the first Monday in January, 1940. Appellee Dogan was sheriff and tax collector, and as such made the sales of four hundred and seven pieces of land in the period named to appellant Seward, whom appellee required to pay him the sum of $1 for each such sale, in addition to the other statutory fees. Appellant claimed that this charge of $1 was unauthorized by law and sued appellee in the Circuit Court of Tallahatchie County to recover the amount so paid, with interest, or a total of $484.01. The appellant contended that the Legislature had repealed the statute authorizing this allowance to the sheriff and tax collector by the enactment of a statute directing the chancery clerk to execute a deed to the purchaser instead of the sheriff as theretofore. In other words, does Section 3273, Code 1930, now Section 9958, Code of 1942, repeal, by implication, Section 1789 (d), Code of 1930, p. 889, now Section 3936, Code of 1942? These two statutes were both adopted in the Code of 1930 by the adoption of that Code so that they were enacted at the same time and in the same Code.

The trial court entered a judgment for the sheriff and tax collector, appellee here, and the plaintiff Seward, appellant here, appealed to this Court, which, in its former opinion, supra, reversed the trial court and rendered judgment here for appellant. The issue to be decided now is, did we commit error by reversing the case and rendering judgment for appellant? Additional briefs have been requested and have been filed. We have carefully considered them, and have also made a most painstaking re-examination of the whole record, and all pertinent statutes throwing light on the issue involved. At the outset, we shall group together certain applicable statutes

in order to observe their relation to each other in the overall scheme adopted by the Legislature in providing the procedure in tax sales and purchases of land.

Section 3256, Code of 1930, now Section 9936, Code of 1942, directs, referring to the list of land tax sales required to be made by the sheriff and tax collector and filed with the chancery clerk, that: "The said lists shall vest in the state or the individual purchaser thereof a perfect title to the land sold for taxes, but without the right of possession and subject to the right of redemption; but a failure to transmit or record a list, or a defective list, shall not affect or render the title void."

Section 3254, Code of 1930 (for which Chapter 188, Laws 1934, Section 33, was later substituted but to the same effect), now Section 9933, Code of 1942, provides: "The tax collector shall upon payment of the purchase price deliver to the purchaser of lands sold for taxes a receipt showing the amount paid, a description of the land sold, the amount of taxes due thereon, and the date of sale, and such receipt signed by the tax collector shall be evidence of the purchase of said land by said purchaser."

Section 3273, Code of 1930, now Section 9958, Code of 1942, provides: "When the period of redemption has expired the chancery clerk shall, *on demand*, execute *deeds* of conveyance to individuals purchasing lands at tax sales." (Italics ours.)

The form of the deed is: "Be it known, that . . . tax collector . . . did, . . . according to law, sell the following land, . . .; and the same not having been redeemed, I therefore sell and convey said land." The statute then provides further that: "such conveyance shall vest in the purchaser a perfect title with the immediate right of possession."

Section 1789, Code of 1930, now Section 3936, Code of 1942, as amended by Laws 1944, Chap. 179, Section 1 (D), Subsection (d), provides: "For each conveyance of lands sold to individuals for taxes .... $1.00." This appears

in the fee bills of sheriffs and tax collectors. The caption to the Laws of 1944 describes it as an act "to change the compensation of sheriffs and tax collectors," but while changes in the compensation of this officer are made, otherwise, this statute was re-enacted unchanged as to the allowance of $1 to sheriffs and tax collectors for each conveyance of lands sold to individuals.

Section 3256, Code of 1930, now Section 9936, Code of 1942, it will be noted, provides that said lists shall vest in the state or the individual a perfect title to lands sold for taxes but without the right of possession and subject to the right of redemption, while Section 3273, Code of 1930, Section 9958, Code of 1942, provides, in reference to the deed of the clerk, that such conveyance shall vest in the purchaser a perfect title with the immediate right of possession, the right of redemption not having been exercised, of course, and the time therefor having expired. The difference is that the tax collector's list vests in the purchaser a perfect title, without the right of possession, subject to redemption, and the clerk's deed vests in the purchaser a perfect title with the right of immediate possession, redemption having lapsed. It will be further noted that the instrument to be executed by the clerk is to be issued only on demand and is termed a "deed of conveyance," while the language in the fee bill of the sheriff is "for each conveyance of lands sold to individuals."

The present statute, Section 9936, Code of 1942, contains this additional provision with reference to the lists, distinctly giving the lists a characteristic pertinent to deeds: "The list hereinabove provided shall, when filed with the clerk be notice to all persons in the same manner as are deeds when filed for record."

The first inquiry is as to whether a conveyance and a deed of conveyance are synonymous, or is a conveyance necessarily limited to deeds of conveyance; and if the list is, under any contemplation of the law, classed a conveyance. In other words, while all deeds are conveyances,

is the converse true, that all conveyances are deeds? If the courts can harmonize the statutes now being considered which were adopted at the same time, it is the duty of the Court to do so. Repeal by implication is not favored by the law. The Legislature is presumed to know of the statutes it is enacting and of the subject matter affected. It is argued that this allowance was retained in the fee bill by inadvertence of the Legislature. Unless it is unavoidable and clearly manifest, courts must not impute inadvertence to the Legislature, and especially in cases where such inadvertence would have to be inferred in the face of repeated enactments of the same statute. The repetition of the enactment of a statute is of itself evidence against inadvertence on the part of the Legislature, and hence since these statutes were enacted together in the Codes of 1930 and 1942, and a new statute was enacted in Chap. 179, Laws of 1944, to change the compensation of sheriffs and tax collectors, which, however, did not change but retained the statute allowing him $1 for each such conveyance under discussion, inadvertence cannot be ascribed to the Legislature, in our judgment. Especially, inadvertence cannot be ascribed to the Legislature when Section 9936, Code of 1942, reenacted Section 3256, Code of 1930, and enlarged rather than diminished the effect of the lists of lands sold for taxes by providing it should have the same effect of notice as would a deed filed for record. At the same time, the Legislature retained its word "conveyance" in the tax collector's fee bill, Section 3936, Chap. 7, Title 17, Vol. 3, Code of 1942, "for each conveyance of lands sold to individuals." The statute does not circumscribe the tax collector's compensation by use of the phrase "deed of conveyance" because simultaneously it had already provided that the chancery clerk execute at the proper time "deed of conveyance." The Legislature, when directing that the chancery clerk should execute such deed, did not provide for him any extra or peculiar compensation for issuing this deed of conveyance by him.

The only compensation for conveyance of lands at tax sales being the provision of $1 to the tax collector for each conveyance to the purchaser at a tax sale.

Section 8251, Hemingway's 1927 Code, required the sheriff to execute and deliver the tax deed subject to the right of redemption, and the requirements of the deed were the same as required in the present clerk's deed except the tax collector and not the clerk executed it. Section 8252, Hemingway's 1927 Code, provided: "The collector shall also make a list of lands sold to individuals, in the same manner as required of lands, sold to the state, which he shall file with the clerk of the chancery court, who shall record the same in a book to be kept for that purpose; . . ." This statute did not contain the language of Section 3256, Code of 1930, that said lists shall vest in the state or individual purchaser thereof a perfect title to the lands sold for taxes, but without the right of possession and subject to the right of redemption, nor did it contain, of course, the provisions of the Code of 1942 that such lists when filed should have the same effect of notice as a deed filed for record. So that it appears the Legislature in the Codes of 1930 and 1942, gave to the tax collector's lists attributes of conveyances which it did not have in the Hemingway's 1927 Code.

In addition, the statute, Section 3254, Code of 1930, Section 9933, Code of 1942, was not in the Hemingway's 1927 Code, and appeared for the first time in the Code of 1930. This statute required a new and extra duty of the tax collector, which statute evidently was meant to substitute the giving of a receipt by the sheriff and tax collector to the tax purchaser for the formerly required execution of the deed to the purchaser by the tax collector. At any rate, the requiring of this receipt described above did not appreciably lessen the labor of the tax collector. In Roebuck v. Bailey et al., 176 Miss. 234, 166 So. 358, this Court held that although the list may not have been filed, this receipt was sufficient evidence of the sale to

vest title in the purchaser, subject to the right of redemption.

In revamping the system of tax sales, the Legislature made many substantial and material alterations and readjustments, but in spite of numerous changes in the statutes on procedure, and in spite of changes otherwise as to compensation for sheriffs and tax collectors, the Legislature clung to the allowance of this fee of $1 to the tax collector for each conveyance to individual purchasers of lands at tax sales. This indicates care and intention on the part of the Legislature to leave untouched this compensation to the tax collector for equal labor, tending to the same effect, though involved in different form.

Rights in land may be affected and effected without being accompanied by possession. The right of redemption, for instance, is vendible and descendible; the right of a remainderman in land does not carry present possession, but nevertheless is subject to conveyance. The same is true of an expectancy of an inheritance in lands which may be conveyed without the right of possession. Even the possibility of a reverter may be transferred or conveyed by will duly probated. Ricks et al. v. Merchants Nat'l Bank & Trust Company et al., 191 Miss. 323, 2 So. (2d) 344. Our Court has held in the case of Pool v. Ellis et al., 64 Miss. 555, 1 So. 725, 727, "until the lapse of the time in which the owner is permitted to redeem, the title of the purchaser is inchoate, and does not carry with it the right to the possession of the land as against the owner."

In Murphy v. Seward et ux., 145 Miss. 713, 110 So. 790, Seward, the landowner, permitted his land to be sold for taxes and after the tax sale and before the period of redemption had expired, Seward cut the timber on the land. The Court held him liable to the party in whom the title matured for the value of the timber so cut, the land not having been redeemed from the tax sale.

The word "redemption" connotes a change of interest in the thing to be redeemed, and a change of interest

connotes a conveyance by some written instrument or by operation of law. It has been said that a law of redemption is a statute which confers upon the party, where land is sold for debt by execution, etc., the right to redeem or repurchase the land within the limited time after the sale. Reynolds v. Baker & Walker Brothers, 46 Tenn. (6 Cold.), 221, 228. The term "redemption" implies that there is something to be redeemed, something lost to be gotten back, and hence where a sale for taxes is void and passes no title, there can be no redemption. Webb et al. v. Ritter, 60 W. Va. 193, 54 S. E. 484, 491.

A contract to convey lands and an assignment thereof are conveyances within the Record Act of Minnesota which defines the word "conveyance" as every instrument in writing whereby any interest in real estate is created, aliened, mortgaged or assigned, or by which the title thereto may be affected in law or equity, except wills and certain leases therein described, and powers of attorney. Shraiberg v. Hanson et al., 138 Minn. 80, 163 N. W. 1032.

An instrument releasing interest in an estate sought to be subjected to judgment was held a "conveyance" within a law prohibiting fraudulent conveyances. Schaefer v. Fisher et al., 137 Misc. 420, 242 N. Y. S. 308.

We have here, therefore, a sale of lands for taxes where the law provides that the tax collector's list of such sales confers on the purchaser an inchoate right in land defeasible only by redemption, which list, when recorded, is notice to all persons in the same manner as are deeds when filed for record, and which list confers on the tax purchaser the right to sue the former owner for felling timber thereon if cut by such former owner between the sale and the expiration of time for redemption, if not redeemed,—in other words, repurchased. We have also a law requiring the tax collector to deliver to the purchaser at the tax sale a receipt containing the price paid, the name of the purchaser, and a description of the land, which the statute provides shall be evidence of the sale.

So, we have concluded that a definite right or interest in the land is conveyed by the tax collector, which, when he performs his duty, is a conveyance in the contemplation of the law entitling him to the fee of $1 for each conveyance to an individual tax purchaser, and if he fails to perform the duty of filing this list or files a defective list, the receipt given by him to the tax purchaser is sufficient evidence of the sale. The clerk's deed merely confers the right to possession, and is also evidence that the period of redemption has expired, and the land was not redeemed. The enactment of these two statutes in the same Code, we think, together with what we said, supra, prevents any conclusion that one repealed the other by implication, and especially do we believe that the re-enactment of the statute allowing to the tax collector this $1 for conveyances to individuals in the Laws of 1944 is conclusive that the Legislature did not intend to repeal it by implication in the Code of 1930. So thinking, in our judgment, the suggestion of error should be, and the same is, hereby sustained, and the trial court affirmed, and judgment rendered here for the appellee. The former opinion will therefore be withdrawn and the suggestion of error sustained, and judgment rendered here for appellee.

Suggestion of error sustained. Affirmed, and judgment here for appellee.