## STOCKSTILL *v.* BENNETT, et al.

Nov. 17, 1952

No. 38531          8 Adv. S. 25          61 So. 2d 154

*Morse & Morse,* for appellant.

*G. B. Keaton* and *H. H. Parker,* for appellees.

ETHRIDGE, J.

This case involves the sufficiency of the description of certain lands in an assessment and tax sale. The Chancery Court of Pearl River County upheld the validity of the description when aided by parol evidence as authorized by Miss. Code of 1942, Secs. 9773 and 9775. The former statute provides that a failure to observe the requirements in making up the land rolls shall not vitiate any assessment "if the land be so described as to be identified; and it shall be sufficient identification of land to describe it as the land of . . . (person owning or claiming it), occupied by . . .; or that part of (section or other known division designating it) owned or claimed by . . .; or the lot on which . . . resides; or the lot occupied by . . .; or by the name by which it may be known; or by any description which will furnish a sure guide for the ascertainment by parol evidence of the particular land intended."

Sec. 9775 deals with the description of lands in assessment rolls and in part states: ". . . and parol testimony shall always be admissible to apply a description of land on the assessment roll, or in a conveyance for taxes, where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract of land by the aid of such testimony."

In 1909 A. J. Welsh became the owner of a lot of about two acres of land in Pearl River County in the Town of Nicholson, but which was then the Town of Egertsville in Hancock County. He had a home on or immediately adjacent to this land and lived there from five to ten years. On February 28, 1919, he conveyed the same by warranty deed to W. C. and Ruth Thames. On May 14, 1921, the Thames conveyed the same land to Hadai

Francis Zigler, who apparently was one and the same as Mrs. Frances Zigler, under this description:

"Beginning at the N. E. Corner of Block 21 of Egertsville, and run North across 3rd, street 40 feet to a stake, for a starting point, thence North Parallel with Roy Street 400 feet, thence West Parallel with 3rd street 214 feet to the East side of Roy Street, thence south along East side of Roy Street 400 feet to a stake, thence East along North side of 3rd street 214 feet to place of beginning, and lying wholely (sic) in lot 2, section 3, Township 7, South, Range 17 West, situated in Pearl River County, Mississippi."

Mrs. Zigler retained title to the land until January 2, 1930, when she conveyed it by the same description to Lewis P. Keller.

The assessment rolls for Pearl River County for the year 1936 reflected an assessment of this property to Mrs. Frances Zigler under the following description:

"2A. in N½ of Lot 2 described as beg. at NE Cor. of Blk. 20 of Egertsville & run N. across 3rd. st. 40 ft; to starting point; thence N. parallel with Roy St. 400 ft; thence W. parallel with 3rd. st. 214 ft; to E. side of Roy St; thence S. along E. side of Roy St. 400 ft; thence E. along N. side of 3rd. st. 214 ft. to place of beginning. (known as A. J. Welsh Lot). Section 3, Township 7, Range 17."

It will be noted that this description erroneously gave the starting point as the northeast corner of Block 20, which is one block immediately to the west of the correct starting point, the northeast corner of Block 21. It also refers to the property as "known as A. J. Welsh lot", and states that it consists of two acres in the north one-half of Lot 2 of the correct section.

The Sheriff and Tax Collector of Pearl River County undertook to sell this property for delinquent ad valorem taxes on September 20, 1937, to Janie Bennett, under whom appellees and defendants below claim. The chan-

cery clerk's tax deed of September 21, 1939, based on this tax sale, described the lands as follows:

"2 A in N½ of Lot 2 described as beginning at NE cor of Blk 20 of Plat of Eggertsville and run N across 3rd St. 40 ft to starting point; thence N parallel with Ray St. 400 ft; thence W parallel with 3rd St to E side of Ray St; thence S along E side of Ray St 400 ft; thence E along N side of 3rd St 214 ft to place of beginning, Sec. 3, Twp. 7, Range 17W."

This description perpetuated the error as to the starting point at the northeast corner of Block 20 instead of Block 21. It also omitted the words "214 feet" in designating the north line of the property "thence W. parallel with 3rd St. to E side of Roy St.", and omitted the reference "known as A. J. Welsh lot."

The tax collector's certified list of lands sold described the property in substantially the same manner as it was described in the assessment rolls quoted above, except that it stated "known as *H*. J. Welsh lot".

Appellees, Amos Bennett and others, defendants below, are the heirs of the vendee in that 1937 tax sale, Janie Bennett. Appellants, complainants below, deraigning their title through the owner at the time of the tax sale, Keller, filed this suit against appellees in the Chancery Court of Pearl River County seeking to cancel the tax sale of September 20, 1937, and tax deed to Janie Bennett, on the ground that the descriptions used were void. The trial court heard testimony and adjudicated that there was a sufficient description on the land assessment roll to permit parol evidence to identify the correct description of the property sold, under Code Secs. 9773 and 9775; that the tax sale was, therefore, valid and conveyed to Janie Bennett the lands first above described; and that it therefore confirmed title in appellees as her heirs, and denied appellant the requested relief. We affirm that decision.

The map of Egertsville reflects that Block 7 is immediately north of Block 20, and that these two lots are bounded on the east by Roy Street and on the West by Mable Street, running north and south. Immediately south of Block 7 and north of Block 20 is Third Street, which runs east and west between these two blocks. To the east of Block 20 is Block 21, north of which, running east and west, is Third Street, and west of which Block 21 is Roy Street. There is no block platted north of Block 21 and east of Block 7, although this unplatted area, which was the A. J. Welsh property, seems to have been in the north half of Lot 2, of Section 3.

The chancery clerk's deed to Janie Bennett omits the reference to "known as A. J. Welsh lot." (Hn 1) However, the tax collector's list of lands sold operates to transfer the title to the individual purchaser. The clerk's deed is simply evidence of right of possession and that the redemption period has expired. Miss. Code 1942, Secs. 9935, 9936; Seward v. Dogan, 198 Miss. 419, 440, 21 So. 2d 292 (1945); Slush v. Patterson, 201 Miss. 113, 28 So. 2d 738, 29 So. 2d 311 (1946); Darby v. Hunt, 209 Miss. 738, 48 So. 2d 359 (1950).

The issue is whether the description in the tax assessment rolls is sufficient to be applied to the correctly described tract of land by the aid of extrinsic evidence based upon clues furnished in the assessment. We think that the assessment furnishes adequate clues to warrant extrinsic evidence under the statutes to identify the property.

The description contains a patent ambiguity. Considered as an entirety it shows that the true location of the property is east of Roy Street. It states that after going 400 feet north of the starting point, the surveyor will proceed "thence west parallel with 3rd Street 214 feet to East side of Roy Street." It is evident that this is the terminal, west side of the property because the description then continues south "along east side of

Roy Street 400 feet". Hence the location of the land under this description is east of Roy Street. It further reflects that the land is bounded on the south by Third Street. The southern description reflects that it is 214 feet along the north side of Third Street, and that the line begins on the east side of Roy Street. It is evident that the land, therefore, is bounded on the west by Roy Street and on the South by Third Street. None of the land goes into or crosses Roy Street on the West or Third Street on the South. In every instance in the description, except as to the initial starting point, the surveyor must run west 214 feet to the east side of Roy Street, and thence south along the east side of Roy Street 400 feet, and then run east along the north side of Third Street 214 feet to the place of beginning. These facts in the description must be considered along with the error in the statement of the starting point. Considering them as such, they manifestly reflect that the error in the description is in the reference to beginning at the northeast corner of Block 20, instead of Block 21. These factors indicate that with every other element of the description considered, the starting point should have been at the northeast corner of Block 21, and that this is the only error in the description.

However, we do not intend to indicate that these facts alone suffice as clues to warrant other evidence to aid in the location of the land. But they must be considered along with a more definite, stronger circumstance. In the assessment, after the metes and bounds, it is said that the property is "known as A. J. Welsh lot". Code Sec. 9773, quoted above, expressly provides that "it shall be sufficient identification of land to describe it as the land of . . . (the person owning or claiming it) . . . or by the name by which it may be known . . ." Bennett, Jackson, and Mitchell, all long time residents of Nicholson, testified that they knew A. J. Welch; that the two acres correctly identified was always called the

Welsh place in that community; that the land was known as the A. J. Welsh place in that community; and that Welsh lived on the property for four to ten years, and that Welsh never owned any other property in Nicholson other than this particular piece. Two surveyors testified that Third Street had never actually been laid out on the ground, and that they found the remains of a house located partly on the land which was designated by the plat as Third Street.

(Hn 2) This evidence was ample to warrant the chancery court in finding the correct description of the land, from the reference in the assessment to "known as A. J. Welsh lot". Illustrative cases approving the use of parol testimony to identify the property assessed as a particular person's place or according to its name in the community are: Martin v. Smith, 140 Miss. 168, 105 So. 494 (1925); Dowling v. Reber, 65 Miss. 259, 3 So. 354 (1888); Strauss v. McAllister, 5 So. 624 (Miss. 1889).

(Hn 3) Where the assessment furnishes sufficient clues to aid in making certain the description, one admissible type of extrinsic evidence are deeds in the chain of title, Jefferson v. Walker, 199 Miss. 705, 24 So. 2d 343 (1946), suggestion of error overruled, 199 Miss. 705, 26 So. 2d 239; Freeman v. Adams, 207 Miss. 760, 43 So. 2d 362 (1949); Loper v. Hinds Land Company, 58 So. 2d 88 (Miss. 1952), suggestion of error overruled, 59 So. 2d 326. Supplementing the previously mentioned facts and clues in the description, appellees introduced deeds to A. J. Welsh of these lands; the deed from Welsh to Thames; a deed from Thames to Mrs. Zigler; and one from Mrs. Zigler to Keller, all of which correctly described the property. In addition, plats of the particular property by two surveyors were introduced, along with the map of the town of Egertsville; and also certified copy of the list of lands sold by the tax collector, reflecting the sale to Janie Bennett of this property, and photo-

static copy of chancery clerk's tax deed after expiration of the redemption period.

There was enough in the description on the assessment rolls to be applied to the particular tract of land by the aid of extrinsic evidence, as authorized by Code Secs. 9773 and 9775.

Affirmed.

*McGehee, C. J.,* and *Alexander, Lee,* and *Kyle, JJ.,* concur.