MISSISSIPPI STATE HIGHWAY COMMISSION *v.* CASEY

No. 43595 October 4, 1965 178 So. 2d 859

*Boyd, Holifield & Harper,* Laurel, for appellant.

686

*Gartin, Hester & Pickering,* Laurel, for appellee.

Lee, C. J.

O. L. Casey filed his bill of complaint against the Mississippi State Highway Commission, and in support thereof he made the following allegations to-wit:

The property involved in this suit was assessed, for the year 1960, to "Grant Lockett Estate". On September 18, 1961, the complainant purchased this property at a tax sale by the tax collector of Jones County for taxes for the year 1960. This sale was shown by the public records of the county, and, as provided by law, the tax collector's list of such sales, including this property, was duly recorded in the office of the chancery clerk of Jones County at Laurel, Mississippi. On September 30, 1963, the taxes for the year 1960 not having been paid by Grant Lockett Estate or redeemed, the chancery clerk executed his conveyance of lands sold for taxes to the complainant. However, theretofore on May 7, 1963, the Mississippi State Highway Commission had filed its petition to condemn the property in question, naming the Lockett heirs as defendants. It did not name O. L. Casey as a defendant. On June 12, 1963, an eminent domain award was entered, purporting to vest the Commission with title to this property.

It was further alleged, in substance, that the Commission had entered upon the land, had entered into contract for the building of a highway over the same, was cutting the right-of-way with the attendant damage, and that this conduct would continue without right on the part of the Commission so to do. Besides, these actions had necessitated his employment of counsel to protect his rights.

The prayer of the bill was for an injunction to prevent the continuance of the unjust and unlawful damage to his property without the payment of due compensation.

The Commission, in its answer, admitted the allegations of fact, but disputed the conclusions of the pleader. It embraced therein a demurrer, setting up no equity and that the complainant had a full, complete and adequate remedy at law, together with other claims not necessary to be stated.

On the hearing the chancellor overruled the demurrer. Following this action by the court, the Commission prayed for and obtained an appeal to this Court to settle the governing principles of the case.

The Commission takes the position and argues that the trial court was in error in overruling the demurrer and contends (1) that by virtue of the eminent domain judgment, there was a merger and vesting of title in the state, which extinguished all tax liens and divested the appellee's inchoate rights in the property; and (2) that the appellee has a plain and complete remedy at law by way of suit for a refund of the amount of the taxes paid, and also for recovery thereof against the original owners, under Mississippi Code Annotated section 9746 (1952).

At the threshold of this case, the Court is faced with the question as to whether Casey had a recognizable interest in this property which entitled him to compensation being first made before it could be taken or damaged for public use. Miss. Const. Art. 3, sec. 17 (1890).

The appellant relies strongly on the case of City of Laurel v. Weems, 100 Miss. 335, 56 So. 451 (1911), and other cases following that rule.

Weems filed his bill against the City of Laurel to quiet and confirm his title to the lot of land. The litigation grew out of the following facts: At that time, February 1st was the date on which liability for taxes attached. The lot of land, involved in that controversy, was, on February 1, 1906, assessed to "Unknown", but was actually owned by Eastman, Gardner & Company. On March 20, 1906, Eastman, Gardner & Company con-

veyed it to the City of Laurel by warranty deed. This deed was recorded on May 17, 1906. The taxes for 1906 were not paid; and, on March 4, 1907, the lot was sold to Weems for the unpaid taxes. The tax collector made the list, required by Mississippi Code section 4333 (1906). The notice under the statute was issued and served on the Mayor of the City and was by him ignored. There had been no redemption from the sale, and more than two years had elapsed. The court granted the relief prayed for. On appeal, this Court reversed the decree of the trial court and rendered a decree for the City. The opinion, 100 Miss. at 339, 56 So. at 452, said:

"The exemption of the property of a municipality is founded on the fact that the municipality is a governmental agency of the state, vested by the state with a part of its sovereignty, and employed in aiding the state in matters of government and the execution of its laws. It is undisputed law that the general rule is that statutes granting exemptions from taxation must be strictly construed, and must not be extended beyond what the terms clearly express; but this rule of construction has no application to the property of the state, county, or municipality when it is sought to collect a tax on the property of either, or to take away their property because of a failure to pay the tax claimed, followed by a sale of the same on account of the delinquency. The rule of strict construction of the statute may apply to religious and charitable institutions, and to all subjects of exemption save those belonging to a governmental agency of the state."

Several matters are to be pointed out in this litigation: True, February 1, 1906, was the date on which liability for taxation accrued, and Eastman, Gardner & Company owned the land at that time. However, on March 20, 1906, the company conveyed it to the city; and the deed was recorded May 17, 1906. No measure whatever had been taken to sell this property for nonpayment of taxes

at the time that this conveyance occurred. An examination of the records, prior to the tax sale, would have disclosed that the City had title and that the purchaser would probably acquire no title. It was not until March 4, 1907, that an effort was made to collect the taxes by sale of the property. In other words, the City had obtained title to this lot long prior to any effort to enforce collection by sale.

■■■ ■ In the present case, the property was sold for taxes on September 18, 1961, and the tax collector's list had been filed with the chancery clerk and the same had been recorded long prior to the commencement of the eminent domain action on May 7, 1963, and the entry of judgment on June 12, 1963. An examination of the records would have disclosed the fact of the tax sale, the name of the purchaser, and that he was a necessary party to the proceeding to condemn. Evidently no examination was made.

The above conclusion is obvious because Mississippi Code Annotated section 9935 (1952) provides in part as follows:

"The tax collector shall on or before the *second Monday of May* and on or before the *second Monday of October* each year, transmit to the clerk of the chancery court of the county separate *certified lists of the lands struck off by him to the State* and that *sold to individuals,* specifying to whom assessed, the date of sale, the amount of taxes for which sale was made, and each item of cost incident thereto, and where sold to individuals, the name of the purchaser, such sale to be separately recorded by the clerk in a book kept by him for that purpose. *All such lists shall vest in the State or in the individual purchaser thereof, a perfect title to the land sold for taxes,* but without the right of possession for the period of and subject to the right of redemption . . . ." (Emphasis added.)

Mississippi Code Annotated section 9936 (1952) provides in part as follows:

"The tax collector shall on or before the first Monday of June transmit to the clerk of the chancery court of the county, separate certified lists of the lands struck off by him to the state and that sold to individuals, specifying to whom assessed, the day of the sale, the amount of taxes for which the sale was made and each item of cost incidental thereto, and where sold to individuals, the name of the purchaser, to be separately recorded by the clerk in books kept by him for that purpose. *The said lists shall vest in the state or the individual purchaser thereof a perfect title to the land sold for taxes, but without the right of possession and subject to the right of redemption; . . . .* The *list* hereinabove provided shall, *when filed with the clerk be notice to all persons in the same manner as are deeds when filed for record.*" (Emphasis added.)

In Seward v. Dogan, 198 Miss. 419, 435, 21 So. 2d 292, 294 (1945), the opinion, in pointing out the difference between the tax collector's list and the clerk's deed said:

"The difference is that the tax collector's list vests in the purchaser a perfect title, without the right of possession, subject to redemption, and the clerk's deed vests in the purchaser a perfect title with the right of immediate possession, redemption having lapsed."

That opinion also calls attention to the fact that Mississippi Code Annotated section 9936, *supra,* contains the additional provision with reference to the list, "distinctly giving the list a characteristic pertinent to deeds: 'The list hereinabove provided shall, when filed with the clerk be notice to all persons in the same manner as are deeds when filed for record.' " The opinion also points out, 198 Miss. at 437, 21 So. 2d at 294-5, that not until the Codes of 1930 and 1942 had the tax collector's list possessed attributes of conveyances which "was not

in the Hemingway's 1927 Code, and appeared for the first time in the Code of 1930." It should be remembered also that the Weems case, *supra,* was decided in 1911.

In Seward v. Dogan, *supra,* the opinion, 198 Miss. at 438, 21 So. 2d at 295, held that "rights in land may be affected and effected without being accompanied by possession."

Again, in Stockstill v. Bennett, 215 Miss. 417, 426, 61 So. 2d 154, 156 (1952), the Court, pointing out the difference between the collector's list and the clerk's deed, says: "However, the tax collector's list of lands sold operates to transfer the title to the individual purchaser. The clerk's deed is simply evidence of right of possession and that the redemption period has expired," citing authorities.

Clearly Casey not only had an interest in the property, but such also as entitled him to be recognized as a party in the eminent domain proceeding.

Mississippi Constitution article 3, section 17 (1890) provides in part as follows: "Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; . . . ."

Mississippi Code Annotated section 2751 (1956), the statutory method to acquire, provides in part as follows:

"When any person or corporation having the right so to do shall desire to exercise the right of eminent domain, he or it shall make application therefor in writing, and the *owners* of the property sought to be condemned and mortgagees, trustees, *or other persons having an interest therein* or a lien thereon, shall be made defendants thereto, which shall state with certainty the right and describe the property sought to be condemned, showing that of each defendant separately." (Emphasis added.)

In Illinois Central Railroad Co. v. State, ex rel, 94 Miss. 759, 767, 48 So. 561, 562 (1909), the opinion quoted

with approval an excerpt from 161 Ill. 251, 43 N. E. 1101, as follows:

"It is the mandate, both of the Constitution and of the statute, that appellant should be paid just compensation for its property taken. Property is the right and interest which one has in lands and chattels to the exclusion of others. The term 'property' includes every species of valuable right and interest."

Manifestly, the authorities demonstrate that Casey was entitled to be joined as a party in interest in the eminent domain hearing.

 ██ Since Casey was not joined, he had no opportunity for his day in court. It is a fundamental provision of the State Constitution section 14, that "No person shall be deprived of life, liberty, or property except by due process of law."

The Commission suggests that, under Mississippi Code Annotated section 9979 (1952) the appellee could seek a refund for the taxes so paid by him. But the appellee calls attention to the fact that this statute is designed for the recovery of taxes erroneously paid; and that there was no erroneous payment in this instance.

The Commission also suggests that appellee had the right, under Mississippi Code Annotated section 9746 (1952), to bring a suit to recover from the original owners. It is true that the State may elect to sue for recovery of taxes; but the Commission cites no case which is authority for a private person to bring such an action.

The position of the Commission that the appellee had a full, complete and adequate remedy at law, is, in the opinion of the Court not maintainable.

The demurrer did in fact admit all of the material allegations of the bill; and the Court is of the opinion that the learned chancellor was correct in overruling the same.

Consequently, the decree of the trial court is affirmed and the cause is remanded to the trial court for such further action as may be properly taken.

Affirmed and remanded.

*Gillespie, Jones, Brady and Inzer, JJ.,* concur.