GILLESPIE, Presiding Justice.
Equity Services Company filed its bill of complaint in chancery for confirmation of a tax title and other relief against the Mississippi State Highway Commission, C. E. Bullock, and others. The various answers and crossbills raised the issue as to which of the aforesaid parties had title to the land involved. The chancery court entered a decree finding that the Highway Commission owned the property and confirmed title accordingly. Separate appeals were prosecuted by Bullock and Equity Services.
Daniel Pace was the owner of Lot 14 and the north one-half of Lot 16, Block B, Lincoln Addition to the City of Jackson on September 19, 1960, when said property was sold to Bullock for delinquent state and county taxes for the fiscal year 1959.
On February 28, 1961, Daniel Pace and wife executed a warranty deed to Highway Commission to all of said lands except a small triangle in the northwest corner.
On April 4, 1961, Lot 14 and the north one-half of Lot 16 were sold by the City of Jackson to Equity Services, for unpaid 1960 installment of a special assessment for local improvements.
On September 19, 1962, the tax sale to Bullock was unredeemed and on April 4, 1963, a tax deed was executed by the chancery clerk and delivered to Bullock, and the deed was duly recorded in the land records.
On April 4, 1963, the tax sale from the City of Jackson to Equity Services was unredeemed, and on July 11, 1963, a tax deed was executed by the City Clerk to Equity Services, and this deed was duly recorded in the land deeds.
The question for our determination is where the title, to the land described in the deed from Pace to the Highway Commission, was vested after the happening of the last of the events chronicled above. We reach the solution of the case by applying the fundamental rule that the fee always abides somewhere, although it may be in abeyance, and by following the fee through the several chronicled events. Our guides in thus following the fee are the applicable statutes and case law as may be noted.
Daniel Pace was the owner in fee and the tax debtor for 1959 state and county taxes which became delinquent. On September 19, 1960, the land was sold for said delinquent taxes and struck off to Bullock. The list of land sold for taxes showing the aforesaid sale was duly filed for record, and vested in Bullock a perfect title in said lands, but without the right of possession for the period of two years and subject to the right of redemption during that time. Miss.Code Ann. § 9948 (1952). Mississippi Code Annotated section 9935 (1952) provides in part:
All such lists shall vest * * * in the individual purchaser thereof, a perfect title to the land sold for taxes, but without the right of possession for the period of and subject to the right of redemption. * * * The lists hereinabove provided shall, when filed with the clerk, be notice to all persons in the same manner as are deeds when filed for record.
The right of possession and of redemption was in Daniel Pace, the tax debtor.
Upon delivery on February 28, 1961, of the warranty deed from Daniel Pace and wife to the Plighway Commission, the right of possession and redemption became vested in the Highway Commission, the legal title remaining in Bullock subject to the Highway Commission’s rights of possession and redemption.
The purchase by the Highway Commission of Daniel Pace’s right of redemption did not divest Bullock of his title and did not affect the estate vested in Bullock. In Mississippi State Highway Commission v. Casey, 253 Miss. 685, 178 So.2d 859 (1965), Casey purchased land at a tax sale on September 18, 1961. Before the *433 period of redemption expired, and on May 7, 1963, Mississippi State Highway Commission filed condemnation proceedings. The Highway Commission did not redeem from the tax sale, and a tax deed was duly executed and delivered to Casey. The Court held that Casey was a necessary party to the condemnation proceedings, and since he was not joined, his tax title was sufficient to entitle him to maintain a suit for an injunction enjoining the Highway Commission from entering the property and carrying out the condemnation thereof. In the case at bar the deed from Daniel Pace and wife to the Highway Commission did not divest Bullock of title, and served only to vest in the Highway Commission the rights of possession and redemption that Pace owned at the time of the execution of the deed.
On April 4, 1961, the date of the tax sale by the City of Jackson to Equity Services for unpaid assessment for local improvements, the legal title to the property was vested in Bullock, and that sale vested in Equity Services the legal title, subject to right of possession and redemption. This Court held in City of Laurel v. Weems, 100 Miss. 335, 56 So. 451 (1911), that whenever the sovereign purchases property from individuals, the property may not thereafter he sold for nonpayment of ad valorem taxes. We are of the opinion that the Weems case and other similar cases do not apply to the sale to Equity Services on April 4, 1961, for the reason that Equity Services did not purchase the estate vested in the Highway Commission, which consisted of the rights of possession and redemption. It did purchase the legal title which was vested in Bullock, an individual. The tax sale to Equity Services did not affect the Highway Commission’s rights of possession and redemption. If the Highway Commission had redeemed the Bullock sale, we would probably hold the sale to Equity Services invalid, but that situation is not before us.
 Upon the expiration on September 19, 1962, of the two-year redemption period for the tax sale to Bullock, the Highway Commission had not redeemed, and thereupon it had no further interest in the property. The legal title to the property was vested in Equity Services by virtue of the sale for special improvement assessments on April 4, 1961, and the right of redemption was vested in Bullock, whose tax title had matured subject to the later tax sale to Equity Services. However, Bullock did not redeem from the sale to Equity Services, and on April 4, 1963, the tax title of Equity Services matured, and thereafter a tax deed was delivered to Equity Services. Therefore, on April 4, 1963, Equity Services was vested with a perfect legal title to the lands, and Bullock’s right of possession and redemption expired and he had no further interest in the property.
The chancellor obviously did not have the benefit of the decision in Mississippi State Highway Commission v. Casey, supra, when he entered the decree confirming title in the Highway Commission, because it was not then published. The decision in that case is fatal to the Highway Commission’s case. The Highway Commission seeks to avoid the Casey decision by contending that the sale to Equity Services on April 4, 1961, was good as to Bullock, and thereby Bullock lost title. The Highway Commission contends that although the later tax sale to Equity Services was valid as to Bullock, it was invalid as to Highway Commission under the rule announced in City of Laurel v. Weems, supra. Otherwise stated, the Highway Commission contends that it can take advantage of its sovereignty to nullify the tax sale to Equity Services and at the same time defeat Bullock’s title on the ground that the sale to Equity Services was valid as to Bullock. The argument is inconsistent and invalid. The tax sale to Equity Services was either valid or void. It cannot be both. We hold it was valid for reasons already stated.
*434 The contention of Bullock is that under Mississippi State Highway Commission v. Casey, supra, the tax sale to him was valid and the subsequent purchase by the Highway Commission of the right of redemption did not prevent Bullock’s title from maturing into a perfect title at the end of the •redemption period. However, Bullock argues that the right of redemption vested •in the Highway Commission, a subdivision of the sovereign, was a valuable right which was exempt from taxation and the tax sale to Equity Services was void under the rule announced in City of Laurel v. Weems, supra. For reasons already stated, this argument is not valid. Moreover, Bullock may not strengthen his title or invalidate that of Equity Services by taking advantage of the sovereign’s immunity.
It is contended on the cross-appeal of the Highway Commission that the chancellor should have considered evidence that the tax sale to Bullock was void because of a conspiracy of the bidders to prevent competition and to provide for “round robin” bidding. Upon a careful examination of the pleadings and the testimony, we are of the opinion that there is no merit in this contention.
Therefore, we are of the opinion that the legal title to the lands in controversy is vested in Equity Services and the decree is reversed and judgment rendered here adjudging Equity Services to be the owner of said property. The case is remanded for further proceedings consistent herewith. We decline to enter judgment here for the alleged removal of the residence from the property by the Highway Commission because that is a function of the trial court. If the Highway Commission has taken possession and utilized the property for highway purposes, Equity Services, should be awarded damages as for the wrongful taking of private property for public use.
Reversed, judgment here for appellant, Equity Services, and remanded.
RODGERS, JONES, PATTERSON and INZER, JJ., concur.